IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Gregory Jones, individually and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:17-cv-2346 |
| Collecto, Inc., d/b/a EOS CCA, a Massachusetts corporation, and US Asset Management, Inc., a Delaware corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Gregory Jones, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendants transact business here.

**PARTIES**

3. Plaintiff, Gregory Jones ("Jones"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt which he allegedly owed for phone services.

4. Defendant, Collecto, Inc., d/b/a EOS CCA ("EOS"), is a Massachusetts corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant EOS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant EOS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, US Asset Management, Inc. ("US Asset"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts that it did not originate. Defendant US Asset operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant US Asset was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant US Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies such as EOS. Defendant US Asset's principal, if not sole, business purpose is the collection of delinquent consumer debts originated by others.

**FACTUAL ALLEGATIONS**

7. In 2009 Mr. Jones fell behind in paying his debts, including one he allegedly owed to AT&T Mobility for phone services. At some point in time after that debt became delinquent, it was allegedly purchased/obtained by US Asset, which tried

2

to collect upon it by having Defendant EOS send Mr. Jones a collection letter, dated August 9, 2016, demanding payment of this debt, and which made a time-sensitive "SETTLEMENT OFFER".  A copy of this letter is attached as Exhibit <u>A</u>.

8. The statute of limitations in the State of Indiana for collecting the delinquent debt at issue was, pursuant to Indiana Code § 34-11-2, six years from the date of the last payment/statement.  Mr. Jones has made no payment on this account since 2009.

9. Nonetheless, Defendants' collection letter failed to warn Mr. Jones that the debt was time-barred and failed to warn that a payment could renew the statute of limitations.  Instead, the letter made the purported time-sensitive settlement offer.

10. Defendants' collection actions constitute material violations of the FDCPA because they failed to disclose that the debt was time-barred and/or that payment might renew the statute of limitations.  This lack of disclosure would leave the consumer without enough information to make a decision as to what to do about the debt at issue, and cause them to pay a debt that was time-barred, or make a partial payment that would renew the statute of limitations.

11. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, <u>see</u>, <u>Gammon v. GC Services</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

15. Attempts by debt collectors to collect time-barred debts via deceptive collection letters violate § 1692e of the FDCPA, see, Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

16. By sending a form collection letter (Exhibit A) to collect a debt that was time-barred, without informing the consumer that the debt was time-barred and that payment could restart the statute of limitations, Defendants violated § 1692e of the FDCPA.

17. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

18. Plaintiff adopts and realleges ¶¶ 1-12.

19. Section 1692f of the FDCPA prohibits a debt collector from using any

unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

20. Defendants, by attempting to collect a time-barred debt, via a misleading and deceptive form debt collection letter, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

21. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

22. Plaintiff, Gregory Jones, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent, time-barred consumer debt (date of last payment/statement is more than six years from the date of the letter), allegedly owed for an AT&T account, via the same form collection letter that Defendants sent to Plaintiff (Exhibit A), from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

23. Defendants regularly engage in debt collection, using the same form collection letter that they sent Plaintiff Jones, in their attempts to collect delinquent consumer debts from other consumers.

24. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Jones.

25. Plaintiff Jones' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

27. Plaintiff Jones will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Jones has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Gregory Jones, individually and on behalf of all other similarly situated, prays that this Court:

1. Certify this matter as a class action, and appoint Plaintiff Jones as the

class representative, and his attorneys as class counsel;

    2.    Find that Defendants' form collection letter violates the FDCPA;

    3.    Enter judgment in favor of Plaintiff Jones and the class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    4.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Gregory Jones, individually and on behalf of all others similarly situated, demands trial by jury.

> Gregory Jones, individually and on behalf of all others similarly situated,
>
> By: /s/ David J. Philipps_____
> One of Plaintiff's Attorneys

Dated: July 11, 2017

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com